■ In the Matter of BOLESLAW CHMIELEWSKI, Appellant, v CITY OF NEW YORK et al., Respondents. In the Matter of BOLESLAW CHMIELEWSKI, Appellant, v TRIBORO BRIDGE AND TUNNEL AUTHORITY, Respondent. — Order and judgment of the Supreme Court, New York County (one paper; Martin Evans, J.), entered September 8, 1982, denying petitioner's application for leave to serve late notices of claim pursuant to the provisions of subdivision 5 of section 50-e of the General Municipal Law, reversed, on the law and the facts and in the exercise of discretion, without costs, and the application to serve such late notices of claim granted. Appeal from order of the Supreme Court, New York County (Martin Evans, J.), entered December 20, 1982, which denied reargument and/or renewal is treated as one for reargument and dismissed, without costs, as nonappealable. Petitioner was employed by a subcontractor engaged in construction and demolition work on a site alleged to be owned either by the City of New York and the Metropolitan Transportation Authority or by the Triboro Bridge and Tunnel Authority. The precise nature of their respective interests in the construction site is not clearly set forth. On November 17, 1981, a section of the structure collapsed causing a steel beam to fall on petitioner's foot, crushing it. Petitioner was immediately taken to Bellevue Hospital where he remained until December 22, 1981. He was readmitted to the hospital on January 5, 1982 and continued to be confined therein until January 18, 1982. During this period no notice of claim was filed against the governmental authorities as required by section 50-e of the General Municipal Law. The time to do so expired on February 15, 1982. In March, 1982 petitioner moved for leave to file late notices of claim. Special Term denied the application. We think that this was an abuse of discretion. During the statutory period fixed by section 50-e petitioner was hospitalized for a period of 48 days. The injuries suffered by him appeared to have been quite serious and required surgery. Given these circumstances the comparatively short delay — approximately one month — should not deprive petitioner of the right to pursue his claim (cf. Heiman v City of New York, 85 AD2d 25). Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Alexander, JJ.